## Lippe's Estate.    Lippe's Appeal.

*Trustee—Remainderman—Surcharge.*

Where it is a fair inference from the circumstances and the relation be-
tween the parties that sums paid to the remainderman by the trustee,
under an order from the life tenant, were advances for his accommodation
and maintenance, to be reimbursed from subsequently accruing income in
excess of the amount the life tenant, by agreement with the remainder-
man, was entitled to receive; and, at the death of the life tenant, there had
not been a sufficient excess of such income to cover the payments made to
the remainderman, the trustee will not be surcharged with the difference.

Argued Jan. 28, 1892. Appeal, No. 100, Jan. T., 1892, by
William A. Lippe, from decree of O. C. of Phila. Co., distributing
estate of Adolph Lippe, deceased. Before PAXSON, C. J.,
STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Audit of executor and trustee's account.

From the adjudication before ASHMAN, J., it appeared that

testator gave his residuary estate to his executor in trust to pay the income to his wife for life, with remainder to his children, of whom William A. Lippe alone survived him. The testator died January 23, 1888; the widow, December 19, 1890.

On March 14, 1888, a few weeks after the decedent's death, Wm. A. Lippe, the son, by writing under seal, reciting that little or no income had accrued from the estate, authorized the executor to pay over to Mrs. Lippe, from the capital of the estate, $2,000, at such times and in such installments as she should desire. On the same day Mrs. Lippe agreed in writing that this sum should be taken from principal, and absolved the executor from liability by reason of the diminution of principal caused by said payment; and on the same day, by another writing, she agreed that the $2,000 should be returned to the estate out of the annual income, provided she should be paid the "yearly income of $2,000, it being understood that only the surplus of income over said annual sum of $2,000 is to be applied to making up the amount of loan to me under said agreement."

The auditing judge held that the three papers of March 14th were to be taken as one instrument; and that they might be construed to mean that the widow was to receive $2,000 per annum, only in case the net income should reach that figure, which it never did. Under date of November 15, 1888, the widow signed the following order on the executor :

"I hereby authorize and direct you to pay to William A. Lippe, the sum of fifty dollars a month, beginning October 1st, 1888, out of income payable to me under the will of my late husband Adolph Lippe, and until such time as there shall be an income accruing to me out of said estate sufficient to pay said sum of fifty dollars a month I authorize you to make said payments out of a certain sum of two thousand dollars or the balance thereof remaining in your hands, payable to me out of the principal of said estate under an agreement made between myself and said William A. Lippe, bearing date the 14th day of March, A. D. 1888."

The auditing judge found that, crediting the widow with the income apportioned to the time of her death and the $2,000, there was still due her at her death "1,063.15, less the payments ordered to be made to the step-son " (Wm. A. Lippe).

Wm. A. Lippe, who had received $1,300 on the above order, sought to surcharge the accountant with $236.85, being the difference between the $1,063.15 above and the $1,300 paid to him ; also with $348.37 claimed as a balance due him from income accruing subsequent to the death of the life tenant ; and with $563.59, being the taxes for the year 1890 on real estate of the decedent, with penalty and interest to June 1, 1891. The auditing judge concluded : " The executor seems to have honestly distributed the income in accordance with what he thought was the intentions of the parties ; and if he committed any error it seems to have been against the widow and not against the son. The surcharge is refused."

Exceptions were filed to the adjudication asking that the accountant be surcharged as above. These exceptions were dismissed by the court below, and the adjudication confirmed.

*Errors assigned* were (1–3) the refusal to surcharge the accountant with the three amounts above specified.

*Isaac Ellwell, William McGeorge, Jr.,* with him, for appellant.

*Samuel Wagner, W. Egbert Mitchell* with him, for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, May 23, 1892 :

It was the expectation of the remainder-man and the life tenant that the estate would yield an annual income of not less, and probably more than $2,000, and the agreement of March 14, 1888, by which that amount of the principal was to be paid to the life tenant, and to be returned to the estate from the annual income in excess of $2,000, was obviously founded upon it. Under this agreement the life tenant was entitled to all of the principal which it was stipulated should be paid to her, and to all of the yearly income, because that did not exceed or equal the sum of $2,000. This is the construction of the agreement most favorable to the remainder-man, and it allows to the life tenant $1,063.15, more than she received. If their expectation in regard to income had been realized the life tenant would have been entitled to $2,903.52 more than was paid to her. It is not claimed that the rights of the life tenant under this agreement were surrendered or abridged by any subsequent contract between the parties. But it seems that under a voluntary and revocable order from the life tenant the remainder-man was permitted to receive after October 1, 1888, fifty dollars a month

from the annual income, and that the amount so received by him before the death of the life tenant was $1,300. It is a fair inference from the circumstances, and the relations between the parties, that the sums so received by the remainder-man were advances for his accommodation and maintenance, to be reimbursed from subsequently accruing income in excess of the amount the life tenant under the agreement was entitled to receive. If the remainder-man, who is the appellant here, had shown that it was the intention of the parties that the life tenant should relinquish her right to any portion of the income secured to her by the agreement of March 14th, that she received any consideration for that part of the income appropriated by him or that she intended to make a gift to him of that which they mutually agreed was reasonably necessary for her support, there would be more plausibility, and perhaps actual merit, in his present contention. But in the existing condition of the record we are unable to discover any reason or justice in his effort to surcharge the accountant with the matters embraced in the several specifications of error. These matters are not equal in amount to the income appropriated by the appellant to his own use under the order of November 15, 1888. He has already received all that he was entitled to under the agreement of March 14th, and in addition thereto a portion of the income which belonged to the life tenant. He has not shown that the life tenant received any consideration for the income so appropriated by him, or that a gift of it to him was intended by her. The integrity of the accountant in disbursing the moneys of the estate is not assailed, and that he believed his disbursements were in conformity with the understanding between the parties interested, is apparent. As was pertinently observed by the learned auditing judge, if he made any mistake, it was in favor of the appellant.

The specifications of error are overruled.

Decree affirmed, and appeal dismissed, at the cost of the appellant.